**AFFIRMED and Opinion Filed April 25, 2022**



**In the**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-21-00246-CV**

**JOHN SAKYI, Appellant**

**V.**

**ABENA FOSUA SAKYI, Appellee**

**On Appeal from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-05853**

# MEMORANDUM OPINION

Before Justices Reichek, Nowell, and Carlyle
Opinion by Justice Carlyle

John Sakyi appeals the trial court's order granting Abena Fosua Sakyi's

motion to dismiss under the Texas Citizens Participation Act (TCPA), TEX. CIV.

PRAC. & REM. CODE §§ 27.001–.011. We affirm in this memorandum opinion.

John and Abena married in 2011. Abena filed for divorce in 2019, alleging

that John was abusive during the marriage. Both John and Abena are involved in

Christian ministry, and John alleges that Abena lied to members of his congregation

about the abuse in an effort to recruit them to join a competing virtual church. While

the divorce was pending in April 2020, John brought this case against Abena, who

was then living in Illinois, asserting various claims based on her alleged false statements and recruitment efforts aimed at his congregation.

In June 2020, Abena filed a pro se document styled "Defendant's Special Appearance Challenging Personal Jurisdiction and Without Waiving Defendant's Plea to the Court's Jurisdiction, Defendant's General Denial." After obtaining counsel in December 2020, Abena filed a motion to dismiss John's claims under the TCPA, along with a motion seeking leave to file the motion to dismiss after the TCPA's sixty-day deadline had expired. *See. id.* § 27.003(b).

In her motion for leave, Abena argued that the TCPA gave the trial court the authority to extend the deadline for good cause. *See id.* She explained that she was representing herself pro se until December 2020, she was unaware of the TCPA's mechanism for dismissing meritless lawsuits, there had been almost no activity in the case since its inception, and extending the deadline would serve both judicial economy and the TCPA's statutory purpose of weeding out frivolous claims infringing on protected expression.

John did not file a response to the motion for leave, although he asserts on appeal that the trial court granted the motion without setting it for a hearing and thereby establishing a deadline for his response. In any event, the trial court set Abena's motion to dismiss for hearing on March 29, 2021, and John filed his written response to that motion a week before the hearing. In his response, John argued that

the motion to dismiss should be denied as untimely, notwithstanding the trial court's order granting Abena leave to file it after the deadline.

At the hearing on the motion to dismiss, the trial court explained its reasoning for granting Abena leave: "[U]nder the Texas Supreme Court's Emergency Orders I have the authority to extend whatever deadlines, and perhaps I should have made that clear when I signed your Motion for Leave. They did make some timeliness arguments, but I have whatever authority to extend deadlines that I see fit in the interest of justice." After further argument, the trial court granted Abena's TCPA motion, among other things.

On appeal, John argues that the trial court arbitrarily exceeded its authority under the supreme court's emergency orders[1] to grant Abena the extension because there was no nexus between the pandemic and the need for an extension. But John did not raise that issue in the trial court. When the trial court explained that it was extending the deadline under the supreme court's emergency orders, John's only objection was that Abena did not seek an extension before the deadline expired. In fact, John's counsel specifically confirmed to the trial court that that was his only argument against granting the extension.

---

[1] The *Thirty-Third Emergency Order Regarding the COVID-19 State of Disaster*, 629 S.W.3d 179 (Tex. 2021), was in force when the trial court granted Abena's motion for leave on February 5, 2021. The *Thirty-Sixth Emergency Order Regarding the COVID-19 State of Disaster*, 629 S.W.3d 897 (Tex. 2021), was in force when the trial court issued its order granting the motion to dismiss on March 30.

Because John's sole issue on appeal does not match his objection in the trial court, he has not preserved the issue for our review. *See* TEX. R. APP. P. 33.1(a); *McPherson v. Lopez*, No. 05-18-01504-CV, 2021 WL 1136760, at \*4 (Tex. App.— Dallas March 25, 2021, no pet.) (mem. op.) ("Complaints and arguments on appeal must correspond with the complaint made at the trial court level."). We affirm the trial court's judgment.


210246f.p05

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOHN SAKYI, Appellant

No. 05-21-00246-CV     V.

ABENA FOSUA SAKYI, Appellee

On Appeal from the 101st Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-20-05853. Opinion delivered by Justice Carlyle. Justices Reichek and Nowell participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee ABENA FOSUA SAKYI recover her costs of this appeal from appellant JOHN SAKYI.

Judgment entered this 25th day of April, 2022.